IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT WILLIAM RODGERS | § | |
| VS. | § | CIVIL ACTION NO. 9:16-CV-138 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION

Movant Robert William Rodgers, proceeding *pro se*, filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

## Factual Background

On July 15, 2015, movant was charged in a one-count information with failure to register under the Sex Offender Registration and Notification Act (SORNA), in violation of 18 U.S.C. § 2250(a). The charge arose from movant's failure to register his new address with Texas authorities after he absconded to Mexico. Movant pleaded guilty to the offense, and he was sentenced to 24 months of imprisonment on December 12, 2015. Movant did not appeal the judgment.

Movant filed this motion to vacate, set aside or correct sentence on August 16, 2016. Movant contends that his conviction for failing to register under SORNA should be vacated in light of *Nichols v. United States*, __ U.S. __ , 136 S. Ct. 1113 (2016).

## Discussion

The Sex Offender Registration and Notification Act criminalizes the knowing failure of certain sex offenders to register or update a registration in a jurisdiction where the offender resides, works, or is a student. 18 U.S.C. § 2250(a)(3). Sex offenders who move to a different state are required to notify at least one "jurisdiction involved" of the changes in the information required to

register. 42 U.S.C. § 16913(c). On April 4, 2016, the United States Supreme Court held that the state a sex offender is leaving is not a "jurisdiction involved" under the plain language of the statute. *Nichols*, 136 S. Ct. at 1117. In *Nichols*, the offender moved from Kansas to the Phillipines. At the time of Nichols' conviction, a foreign country was not a "jurisdiction" under SORNA.[1] Therefore, Nichols was not required to notify either the jurisdiction he left or the foreign country where he resided.

At the time of movant's conviction, a move to a foreign country did not require registration in any jurisdiction. Therefore, movant asserts, and the government agrees, that movant's conviction under SORNA for failing to register his new address in Texas, the state of departure, is invalid in light of *Nichols*. The government does not oppose granting movant relief and urges the court to vacate the sentence and dismiss the information in cause number 9:15-CR-12.

## Conclusion

For the reasons stated above, this motion to vacate, set aside or correct sentence is meritorious. A final judgment will be entered granting the motion and vacating the sentence.

**So Ordered and Signed**
**Sep 14, 2016**

_____
Ron Clark, United States District Judge

---

[1] In February 2016, legislation was passed to criminalize the knowing failure to provide information required by SORNA relating to interstate travel.